Kerry E. Connolly
Connolly Law
One Battery Park Plaza, 32nd Floor
New York, NY 10004
(212) 372-7333 - telephone
(917) 591-4858 – facsimile
kconnolly@connollylaw.us.com
*Attorneys for Plaintiff Juan Carlos Mendieta,*
*the putative FLSA Collective and New York*
*State Law Class Action*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JUAN CARLOS MENDIETA,                    :    No. 14 CV _____
  *For himself and on behalf of all those*
  *similarly situated,*                  :    **COMPLAINT**
                          Plaintiff,
      -against-                          :

                                              FLSA COLLECTIVE AND
SERAFINA MANAGEMENT GROUP, LTD.,         :    STATE LAW CLASS
SOFIA FABULOUS PIZZA CORP., SOFIA             ACTION
61ST STREET CORP., SOFIA 58TH ST. CORP., :
SERAFINA 77 WEST, LLC, SERAFINA
BROADWAY, LTD., SERAFINA CENTRAL         :
KITCHEN CORP., SERAFINA                       *JURY TRIAL DEMANDED*
EAST HAMPTON CORP., SERAFINA MEAT-       :
PACKING LLC, SERAFINA TRIBECA CORP.,     :
SERAFINA WESTCHESTER LLC, SERAFINA
WHITE PLAINS LLC AND "ABC CORP. 1-5" :
BEING THE FICTITIOUS NAMES OF
ACTUAL CORPORATIONS, PASQUALE            :
GRANATO AND VITTORIO ASSAF,
                          Defendants.    :

---------------------------------------------------------x

Plaintiff Juan Carlos Mendieta, individually and on behalf of all

others similarly situated, as class and collective representative, upon personal

knowledge and on information and belief as to matters relating to others, as and

for his complaint, through the undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages, and misappropriated tips and mandatory gratuities for Plaintiff and his similarly situated co-workers – servers, bussers and other hourly food service workers who have worked at restaurants opened by the defendants.

2.     Plaintiff brings this action for himself and on behalf of similarly situated current and former employees of defendants who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.     Plaintiff also brings this action for himself and on behalf of similarly situated current and former employees of Defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, including NYCRR 146.

4.     In addition, Defendants retaliated against Plaintiff by suspending him and then firing him after he questioned Defendants' wage and hour policies, in violation of FLSA, 29 U.S.C. § 215(a) and NYLL Article 7, § 215.

## JURISDICTION AND VENUE

5.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because this case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Court has supplemental jurisdiction over the New York claims pursuant to 28 U.S.C. § 1367.

6.     Venue is appropriate pursuant to 28 U.S.C. § 1391 in that this is the judicial district in which the events giving rise to the claims occurred and Defendants transact business within this district.

7.     This Court has personal jurisdiction over the defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia,* defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed. R. Civ. P.

## THE PARTIES

1.     SERAFINA MANAGEMENT GROUP, LTD. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

2.     SOFIA FABULOUS PIZZA CORP. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

3.     SOFIA 61 STREET CORP. is a privately held corporation

3

organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

4. SOFIA 58TH STREET CORP. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

5. SERAFINA 77 WEST LLC. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

6. SERAFINA BROADWAY LTD. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

7. SERAFINA CENTRAL KITCHEN CORP. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

8. SERAFINA EAST HAMPTON CORP. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

9. SERAFINA MEATPACKING LLC. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

10. SERAFINA TRIBECA CORP. is a privately held corporation organized and existing under the laws of the State of New York with its principal

place of business located in New York, New York.

      11.    SERAFINA WESTCHESTER LLC. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

      12.    SERAFINA WHITE PLAINS LLC. is a privately held corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

      13.    AND "ABC CORP.1-5" BEING THE FICTITIOUS NAMES OF ACTUAL PRIVATELY HELD CORPORATIONS organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

      14.    PASQUALE "FABIO" GRANATO is an individual who, upon information and belief, resides in New York, New York.

      15.    VITTORIO ASSAF is an individual, who upon information and belief, resides in New York, New York.

      16.    Upon information and belief, defendants Granato and Assaf are the owners of the constituent entities of Serafina Management Group and exercise sufficient control of their day-to-day operations to be considered Plaintiff's employer under the FLSA and New York State law. Additionally, upon information and belief, defendants Granato and Assaf are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630. The constituent entities of Serafina Management

Group, Pasquale "Fabio" Granato and Vittorio Assaf are collectively referred to herein as "Defendants".

17.     Defendants operate under common ownership, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

18.     Plaintiff Juan Carlos Mendieta is an adult individual who is a resident of Queens, New York.

19.     Mendieta was employed by Defendants as a waiter at Serafina Famous Pizza Restaurant within the last three years.

20.     Mendieta is a covered employee within the meaning of the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     The First and Third Claim for Relief are properly brought by Plaintiff pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), for themselves and on behalf of all non-exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is July 8, 2011 and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to

the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants pursuant to 29 U.S.C. § 216(b).

      22.   Plaintiff sues for himself and on behalf of other similarly situated service employees who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of FLSA 29 U.S.C. § 216(b).  This action claims that defendants violated the wage-and-hour provisions of the FLSA by depriving Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.

      23.   At all relevant times, Plaintiff and other putative FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject the Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours, making illegal deductions from their wages, and failing to administer the tip pool appropriately. The claims of Plaintiff stated herein are essentially the same as those of the other putative FLSA Collective Plaintiffs.

      24.   Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS – NEW YORK

25.     Plaintiff brings the Second and Fourth Claims for Relief, pursuant to Fed. R. Civ. P. 23, for himself and on behalf of all non-exempt persons, including those in a tipped position, employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

26.     All such persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

27.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family, and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

28.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will

benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presentation within the sole control of defendants, upon information and belief, there are more than fifty (50) members of the Class.

29.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of defendants, as alleged herein, of illegal deductions from wages and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30.    Plaintiff is able to fairly and adequately protect the interest of the Class and has no interest antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in such cases.

31.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class

action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to fashion methods to efficiently manage this action as a class action.

      32. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current

employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

33. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants violated NYLL Article 6, §§ et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

b) Whether Defendants misappropriated wages and tips from Plaintiff and the Rule 23 Class;

c) Whether Defendants made illegal deductions from Plaintiff's and the Rule 23 Class's pay;

d) Whether Defendants demanded, handled, pooled, counted, distributed, accepted and/or retained gratuities paid by customers to whom Defendants represented that such gratuities were intended for Plaintiff and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

e) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

f) The nature and extent of class wide injury and the measure of damages for those injuries.

34.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTS COMMON TO ALL CLAIMS

35.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

36.     Defendants did not compensate Plaintiff and others for all hours worked, including the hours during which Defendants required them to arrive at work prior to the start of their shift to perform set-up work.  Plaintiff and others were required to arrive for work between 4pm and 4.15pm.  If they arrived after 4.15pm, they were marked late, even though they were only allowed to clock in at 4.30pm.  Between 4pm and 4.30pm plaintiff and the class members were required to change clothes and complete general duties such as folding napkins and setting tables, although they were not paid for this time.

37.     Defendants illegally retained substantial portions of Plaintiff and others' tips.  Specifically, Defendants took 3% of all tips that were paid via a charge or credit card, without regard to the actual fee charged by the credit card processor.  However, Defendants were required to deduct the actual pro-rated share of the charge levied by the credit card company.

38.     Defendants engaged in illegal tip pooling to which Plaintiff and others had not agreed. Specifically, waiters at the restaurant engaged in tip pooling, however Defendants favored one waiter and allowed him an exemption from the tip pool, enabling him to retain a disproportionate share of tips.

39.    Defendants maintained a policy by which all customer tips were recorded at a minimum of 17%. Where the customer left less than a 17% tip or no tip at all, plaintiff and others were required to make up the difference by paying out of their own pocket, either the shortfall between the actual tip left behind by the customer and the arbitrary 17% minimum imposed by the Defendants, or where no tip was left, the entire 17% gratuity.

40.    Defendants' policy of requiring plaintiff and others to make up customers' tip shortfalls deprived plaintiff and others of all due tips and rendered Defendants ineligible for the tip credit. Defendants denied plaintiff and others the full minimum wage to which they were entitled, and defendants are liable for the difference between the tip credit minimum wage rate paid to plaintiff and others and the actual minimum wage rate.

41.    Defendants maintained a policy of requiring plaintiff and others to pay out of their own pockets when customers left without paying the bill.

42.    Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff and the members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage/Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff for Himself and on Behalf
Of the FLSA Collective)**

43.    Plaintiff, for himself and on behalf of the FLSA Collective, repeats, realleges and incorporates by reference all allegations in all preceding paragraphs.

44.     At all relevant times, Defendants have engaged in a widespread pattern, policy and practice of willfully violating the FLSA.

45.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

46.     Defendants willfully failed and refused to pay the Plaintiff and FLSA Collective for all hours worked, requiring Plaintiff and others to work before they clocked-in.

47.     Defendants engaged in unlawful tip pooling practices to which Plaintiff and the FLSA Collective did not agree and kept 3% of tips customers had put on charge and credit cards, regardless of the service charge imposed by the credit card processor.

48.     Defendants required Plaintiff and the FLSA Collective to spend their own money where customers failed to tip to the Defendants set standard, which further reduced their wages below the required minimum wage.

49.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants did not permit Plaintiff and the FLSA Collective to retain all the tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

50.     Defendants maintained a policy of requiring plaintiff and others to pay out of their own pockets when customers left without paying the bill.

51.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to the recovery of those amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

52.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

53.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations of 29 U.S.C. § 255 applies.

## SECOND CLAIM FOR RELIEF
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, and NYCRR brought by Plaintiff for Himself and on Behalf of the Class )**

54.     Plaintiff, for himself, and on behalf of the Class, repeats, realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     At all relevant times, Defendants have engaged in a widespread pattern, policy and practice of willfully violating the NYLL.

15

56.    Throughout the Class Period, Defendants willfully failed and refused to pay the Plaintiff and class members for all hours worked, requiring them to work before they clocked-in.

57.    Defendants engaged in unlawful tip pooling practices to which Plaintiff and class members did not agree and kept 3% of the tips customers put on charge and credit cards, regardless of the service charge imposed by the credit card processor.

58.    Defendants required Plaintiff and class members to spend their own money when customers failed to tip at the Defendant's set standard, which further reduced their wages below the required minimum wage.

59.    Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL, including but not limited to § 650 *et seq.* and supporting regulations, because Defendants did not permit Plaintiff and class members to retain all tips they received, in violation of the wage and hour laws.

60.    Defendants maintained a policy of requiring plaintiff and others to pay out of their own pockets when customers left without paying the bill.

61.    As a result of Defendants' violations of the NYLL, Plaintiff and class members have suffered damages by being denied minimum wage in accordance with the NYLL in amounts to be determined at trial, and are entitled

to the recovery of those amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.

62.     Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of NYLL § 663.

63.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, liquidated damages, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(Illegal Pay Deductions and Deductions from Gratuities,**
**29 U.S.C. § 203(m) brought by Plaintiff**
**for Himself and on Behalf of the FLSA Collective)**

64.     Plaintiff, for himself and on behalf of the FLSA Collective, repeats, realleges and incorporates by reference all allegations in all the preceding paragraphs.

65.     At all relevant times, Plaintiff and the FLSA Collective have been employees of the Defendants.

66.     Defendants illegally retained substantial portions of Plaintiff' and the FLSA Collective's tips.  Specifically, Defendants took 3% of all tips that were paid via a charge or credit card, without regard to the amount charged by the credit card processor.

67.    Defendants required that Plaintiff and the FLSA Collective pay out of their own pocket for any shortfall between the customer's actual tip and the defendants arbitrary tip minimum of 17%.

68.    Defendants illegally required that Plaintiff and the FLSA Collective pay out of their own pockets when a customer left without paying the bill.  However, when a customer of the chef's nephew left without paying he was not required to pay the difference.

69.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective are entitled to an award of damages in an amount to be determined at trial, liquidated damages, costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. §§ 196-d and 198-b brought by Plaintiff**
**for Himself and on Behalf of the Class)**

70.    Plaintiff, for himself and on behalf of Class members, repeats, realleges and incorporates by reference all allegations in all preceding paragraphs.

71.    At all relevant times, Plaintiff and Class members have been employees within the meaning of NYLL §§ 190 *et seq.*, and supporting New York State Department of Labor Regulations.

72.    Defendants illegally retained substantial portions of Plaintiff's and Class members' tips.  Specifically, Defendants took 3% of all tips that were paid via a charge or credit card, without regard to the amount charged by the credit card processor.

18

73.     Defendants required that Plaintiff and Class members pay out of their own pocket for any shortfall between customers' actual tips and the defendants arbitrary tip minimum of 17%.

74.     Defendants illegally required that Plaintiff and the FLSA Collective pay out of their own pockets when a customer left without paying the bill.  However, when a customer of the chef's nephew left without paying he was not required to pay the difference.

75.     As a result of Defendants' willful and unlawful conduct, Plaintiff and Class members are entitled to an award of damages in an amount to be determined at trial, liquidated damages, costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### FLSA 29 U.S.C. §215(a) – Retaliation against Plaintiff

76.     Plaintiff repeats, realleges and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

77.     Plaintiff Juan Carlos Mendieta, in making the complaints about Defendants' violations of the wage and hour laws, engaged in activity protected under 29 U.S.C. § 215(a) and NYLL Article 7.

78.     Plaintiff Mendieta complained to defendant Pasquale Granato, to his manager Attila Cetin, and to others about Defendants' violations of the Wage and Hour Laws.

79.     Plaintiff complained about Cetin's treatment to Personnel, to the Manager himself, and to Pasquale "Fabio" Granato.

80.     Specifically, Plaintiff complained about Defendants' tip-pooling policy which required waiters who worked in the less busy upstairs section of the restaurant to tip-pool, while allowing the chef's nephew, who worked as a waiter downstairs in the busier section, to retain all his tips.  Cetin's response to tipping complaints was to simply state "I don't care about you guys. I get a set paycheck."

81.     Plaintiff also complained that the policy by which waiters had to pay from their own pocket, when a customer left less than a 17% tip, money so that the tip reached 17% of the check, was unfair and in violation of the wage and hour laws.

82.     Plaintiff complained that the policy by which he and Class members were forced to pay the bill when the customer left without paying was another violation of wage and hour law, and moreover, that fact the chef's nephew was not subject to the same requirement was unfair.

83.     As a result of these violations, a senior employee requested a meeting with Pasquale Granato and the employees to discuss these issues. Defendants scheduled a staff meeting at which Plaintiff raised these issues.

84.     At a subsequent staff meeting on June 6th, 2014, Cetin, after a disagreement with Mendieta about customer tipping, told Plaintiff Mendieta to go home. Plaintiff asked Cetin "Give me a reason why I should go home?" but Cetin refused to answer, and simply ordered Plaintiff to "go home".  Cetin wrote Plaintiff up in a Disciplinary Action Form, which states simply that following a

discussion about issues with customer tipping Mendieta "became upset and started talking to me unrespectful. I told him to clock out and go home."

85.   On June 9th, 2014, Plaintiff went to see Serafina's personnel representative. He showed her the Employee Handbook, directing her to its policy strictly forbidding retaliation. The personnel representative told Plaintiff that he could transfer to another location if he filled out some forms the personnel representative gave him. The forms however included a general release and an application for employment. Plaintiff said, "You're firing me.". The personnel representative denied that plaintiff was being fired. The same day Plaintiff was given the Disciplinary Action Form completed by Cetin.

86.   In actuality the Plaintiff had been terminated. The forms provided amounted to nothing more than an employment application, with no assurances of hiring.

87.   Plaintiff was concerned by Defendants' actions as he had seen another senior waiter, who had also complained about employment practices, terminated for retaliation in precisely the same way. A veteran employee, he was similarly told to "go home" after complaining about general employment practices, notably issues with tip-pooling. He was transferred, only to be fired shortly thereafter.

88.   Plaintiff, as a fourteen-year veteran of Serafina, and having travelled around the world as chef to open Serafina restaurants in Japan, India, Russia and Brazil, decided to reach out to Pasquale Granato to resolve the

matter. However, when plaintiff approached Defendant Granato, he was told "these problems are too small for me, I don't have time for this!". Defendant Granato went on to state that he had "big business to do" and that "I don't have time for this bullshit". He endorsed the Manager's decision.

89.    Defendants retaliated against Plaintiff by suspending his employment and then firing him based on his complaints about Defendants' violations of the wage and hour laws.

90.    Defendants' retaliatory act was materially adverse. The retaliatory act described herein would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

91.    Defendants retaliated against Mendieta, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the FLSA and New York Labor Law.

92.    Plaintiff has suffered damages, including, but not limited to, lost wages and is entitled to recover those amount as well as his other damages, reasonable attorneys' fees and costs and punitive damages as a result of Defendants' retaliation.

## SIXTH CLAIM FOR RELIEF
### (NYLL Article 7 §215- Retaliation Against Plaintiff)

93.    Plaintiff repeats, realleges and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

94.     Plaintiff Juan Carlos Mendieta, in making the complaints about Defendants' violations of the wage and hour laws, engaged in activity protected under NYLL Article 7.

95.     Defendants retaliated against Plaintiff by suspending his employment and then firing him based on his complaints about Defendants' violations of the wage and hour laws.

96.     Plaintiff's complaints were protected activities under NYLL Article 7, § 215.

97.     A reasonable employee would have found Defendants' retaliatory act described herein to be materially adverse.  The retaliatory act described herein would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

98.     Defendant retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the FLSA and the New York Labor Law.

99.     By engaging in the retaliatory act alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of NYLL Article 7, § 215.

100.   Plaintiff has suffered damages, including, but not limited to, lost wages and is entitled to recover those amount as well as his other damages,

reasonable attorneys' fees and costs and punitive damages as a result of Defendants' retaliation.

## SEVENTH CLAIM FOR RELIEF
### New York Business Corporation §630
### Liability of shareholders for laborers' wages

101.  Plaintiff repeats, realleges and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

102.  Plaintiff has notified defendants Pasquale Granato and Vittorio Assaf, in accordance with BCL §630, that he intends to hold them personally liable, as shareholders, for the unpaid wages of Plaintiff and others.

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, requests the Court to grant the following relief:

A.  Designation of this action as a collective action on behalf of the putative FLSA Collective Plaintiff (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiff;

C.  Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

D.  Designation of Plaintiff as Representative of the Class and counsel of record as Class Counsel;

E.   Unpaid wages and liquidated damages of $150,000,000 pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

F.   Penalties available under applicable laws;

G.   Unpaid regular wages, illegal deductions from wages misappropriated tips and other unpaid wages of $75,000,000 pursuant to N.Y. Lab. Law Art. 6, §§ 190 et seq., Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

H.   Prejudgment and post-judgment interest, as provided by law;

I.   An injunction requiring defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

J.   Lost wages and compensatory and punitive damages for Plaintiff pursuant to FLSA 29 U.S.C. § 215;

K.   Lost wages and compensatory and punitive damages for Plaintiff pursuant to NYLL Article 7, §215(2);

L.   Costs of the action, including expert fees;

M.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

N.   A declaration that the defendants' actions were in violation of law; and

O.   Such other relief as this Court shall deem just and proper.

Date: New York, New York
July 9th, 2014

Connolly Law

By: *Kerry E. Connolly*
Kerry E. Connolly

One Battery Park Plaza, 32nd Floor
New York, NY  10004
(212) 372-7333 – telephone

Attorneys for Plaintiff, the putative FLSA
Collective and the NYLL Class